18-1842-cv
Presumey v. Bd. of Educ.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of May, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
BRIAN M. COGAN,*
*District Judge*.

------------------------------------------------------------------

ELISABETH PRESUMEY,

*Plaintiff-Appellee*,

v.                                                              No. 18-1842-cv

BOARD OF EDUCATION, TOWN OF
GREENWICH,

---

* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendant-Appellant,*

LIUNA LOCAL 136,

*Defendant.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLEE:    JOHN R. WILLIAMS, Law Office of John R. Williams and Associates, LLC, New Haven, CT.

FOR DEFENDANT-APPELLANT:    ANDREW M. MCPHERSON (William J. Kupinse, Jr., *on the brief*), Goldstein & Peck, P.C., Bridgeport, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Donna F. Martinez, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

The Board of Education for the Town of Greenwich, Connecticut ("the Board") appeals from a judgment of the District Court (Martinez, M.J.) denying the Board's post-verdict motion for judgment as a matter of law after a jury found the Board liable for its failure to accommodate Elisabeth Presumey's disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et

2

seq., and Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-51

et seq. The Board argues that there was insufficient evidence at trial that Presumey could perform the essential functions of her job with or without reasonable accommodation. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The Board does not dispute that the jury was properly instructed. With that in mind, and viewing the evidence at trial in the light most favorable to Presumey and giving deference to all credibility determinations and reasonable inferences of the jury, we agree with the District Court that the evidence was sufficient for a reasonable jury to find that lifting and toileting students were not essential functions of Presumey's job as a paraprofessional. See Warren v. Pataki, 823 F.3d 125, 139 (2d Cir. 2016); Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998). In determining whether a job function is essential, we conduct "a fact-specific inquiry into both the employer's description of a job and how the job is actually performed in practice." McMillan v. City of New York, 711 F.3d 120, 126 (2d Cir. 2013) (quotation marks

3

omitted); see Stevens v. Rite Aid Corp., 851 F.3d 224, 229 (2d Cir. 2017) (factors include "the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the mention of the function in a collective bargaining agreement, the work experience of past employees in the position, and the work experience of current employees in similar positions" (quotation marks omitted)); 29 C.F.R. § 1630.2(n)(3).

Presumey testified that she and other paraprofessionals with injuries or disabilities were previously assigned to "light duty," that is, allowed to work with students who did not require lifting or being pushed in a wheelchair. This testimony was corroborated by Joyce Tilghman, who had served as Presumey's supervisor. The jury also personally observed the movements and demeanor of one of the disabled paraprofessionals, Eileen Dailey, who displayed "limited use" of her left arm and a "little bit of foot drop" in her left leg. Pl. App'x 29-30. Based on its observations, the jury was entitled to discredit Dailey's testimony that she was nevertheless able to lift and toilet students. True, other witnesses testified that lifting and toileting were essential functions of a paraprofessional, and documents in evidence listed lifting and toileting as essential functions.

4

But the District Court appropriately deferred to the jury's evaluation of the weight of the evidence and the credibility of the witnesses in refusing to substitute its judgment for that of the jury and in denying the motion for judgment as a matter of law.[1]   See ING Glob. v. United Parcel Serv. Oasis Supply Corp., 757 F.3d 92, 97 (2d Cir. 2014).

We have considered the Board's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The Board argues that our recent decision in Stevens v. Rite Aid Corp. supports overturning the jury verdict.   But here, in contrast to Stevens, Presumey offered admissible evidence that the Board's practice deviated from what was deemed essential in the job description, and the evidence viewed in the light most favorable to Presumey does not "compel[] a finding" that lifting and toileting students was "an essential job requirement" at the time of Presumey's termination.   Stevens, 851 F.3d at 229.